**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------

IN RE: HO WAN KWOK, *et al.*,　　) 　　BANKR. NO. 22-50073 (JAM)
　　　　　*Debtors*　　　　　　　　)　　　*Chapter 11*

------------------------------------------

HO WAN KWOK,　　　　　　　　)　　CIVIL NO. 3:22-cv-1581 (KAD)
　　　*Debtor-Appellant*,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
LUC A. DESPINS,　　　　　　　　)
　　　*Trustee-Appellee.*　　　　　　)　　JANUARY 11, 2023

------------------------------------------

<u>**MEMORANDUM OF DECISION**</u> **RE: INDIVIDUAL DEBTOR'S MOTION FOR
LEAVE TO APPEAL AND IN THE ALTERNATIVE, PETITION FOR WRIT OF
MANDAMUS (ECF No. 8)**

Kari A. Dooley, United States District Judge:

　　　Ho Wan Kwok, the individual debtor to the underlying bankruptcy proceeding, moves for

leave to appeal the Bankruptcy Court's order granting *in part* his motion for protective order; *see*

*In re Ho Wan Kwok*, No. 22-50073 (JAM) (Bankr. D. Conn Dec. 9, 2022), ECF No. 1217; and in

the alternative, petitions for a writ of mandamus to vacate the order. (ECF No. 8) Appellant seeks

to prevent the disclosure of his asylum application to Luc A. Despins, Appellee and Chapter 11

Trustee to the bankruptcy estate. Appellee opposes the motion for leave to appeal and the petition

for writ of mandamus. (ECF No. 14) For the reasons set forth below, the motion for leave to appeal

and in the alternative, petition for writ of mandamus is DENIED.

**Facts and Procedural History**

　　　Appellant, a Chinese national and purported political target of the Chinese Communist

Party, fled China in 2015. With the assistance of counsel at the Clark Hill PLC law firm ("Clark

Hill"), Appellant prepared and submitted an asylum application to the U.S. Department of

Homeland Security. In 2019, Appellant filed a legal malpractice action against Clark Hill after a

breach of the firm's computer server resulted in the public dissemination of his asylum application ("the malpractice action"). Specifically, Appellant alleged that "[a]s a direct and proximate cause of [Clark Hill's] multiple breaches of their duties and legal obligations, the details and contents of [Appellant's] asylum application and other materials have been disclosed widely on social media platforms and placed in the hands of third-parties hostile to [Appellant]." Luft Decl., Ex. A ¶ 57, Appellee Br. at 31–32. On February 15, 2022, Clark Hill moved for summary judgment, citing to and attaching Appellant's asylum application as an exhibit. The asylum application was filed under seal because it was discovery material designated as confidential.

That same day, February 15, 2022, Appellant filed for bankruptcy in the U.S. Bankruptcy Court for the District of Connecticut, automatically staying the malpractice action. On July 7, 2022, Appellee was appointed trustee of the bankruptcy estate. The malpractice action, as an active litigation in which Appellant is the plaintiff, is an asset of Appellant's bankruptcy estate. On July 28, 2022, Appellee filed a motion for Rule 2004 discovery from various legal and financial advisors, including Clark Hill, which the Bankruptcy Court granted on August 16, 2022. Appellee thereafter served Clark Hill with a Rule 2004 subpoena, requesting information which would allow the trustee to evaluate the malpractice action and to make decisions regarding its prosecution. The subpoena did not specifically seek the asylum application.

On September 14, 2022, the Bankruptcy Court entered an order on consent regarding the control and use of attorney-client privilege and work product protection regarding materials obtained from the Rule 2004 subpoenas ("privileges order"). The privileges order provides that Appellee has exclusive control of any attorney-client privilege or work product protection that could otherwise be asserted by Appellant or his counsel, including over assets such as "actual or potential causes of action that [] are or were held by [Appellant]." *In re Ho Wan Kwok*, No. 22-

50073 (JAM) (Bankr. D. Conn Sept. 14, 2022), ECF No. 856 ¶ 2. The privileges order further provides that nothing "shall prevent [Appellant] from asserting any and all privileges concerning legal matters unrelated to the Investigation Topics, such as unrelated criminal allegations or [Appellant's] asylum application (*other than documents related to the [Malpractice Action] that relate to the merits of the legal malpractice action*, as distinguished from the merits of [Appellant's] asylum application, subject to the balancing test incorporated herein, which does not relate to the substance of the asylum application)." *Id.* ¶ 4 (emphasis added).

On November 2, 2022, Appellant filed a motion for protective order with the Bankruptcy Court seeking to prevent Clark Hill from producing the motion for summary judgment and the attached asylum application. After a hearing on November 30 and December 2, 2022, the Bankruptcy Court granted *in part* the motion for protective order, permitting the production of Clark Hill's motion for summary judgment and the asylum application "only to [Appellee] and his counsel." The Bankruptcy Court further ordered that the materials "are not to be discussed, shown, or produced in any way to other interested parties in these bankruptcy cases," and that the materials remain subject to the protective order issued in the malpractice action. On December 13, 2022, Appellant filed a Notice of Appeal in this court as well as the instant motion for permission to appeal or in the alternative for a writ of mandamus. (ECF No. 1, 8)

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[1] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank,*

---

[1] The parties agree that this case presents an appeal of an interlocutory order. *See* Appellant Br. at 10; Appellee Br. at 10.

*N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir.

2003). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from

district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy

courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this

Circuit have invariably held[ ] all appeals governed by Section 158(a)(3) . . . should refer to the

standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted."

(citation omitted)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under
> this section, shall be of the opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of opinion and that an immediate
> appeal from the order may materially advance the ultimate termination of the litigation, he
> shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, Appellant must establish that "the order (1) involves a

controlling question of law (2) as to which there is a substantial ground for difference of opinion,

and (3) an immediate appeal from the order may materially advance the ultimate termination of

the litigation." *Osuji*, 285 F. Supp. 3d at 558; *see also In re Salvatore*, No. 3:18-cv-1429 (SRU),

2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied "if the reversal of the bankruptcy court's order would (1)

terminate the action or (2) materially affect the outcome of the litigation." *In re Salvatore*, 2019

WL 1284815, at *2 (quoting *Buckskin Realty Inc., v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y.

2016)). "The question of law must be a pure question that does not require resort to the case docket

for study." *Id.* at *2. The second inquiry is satisfied where there is either conflicting authority on

the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*,

285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy

court applied the correct legal standard. . . . [M]erely claiming that the bankruptcy court's decision

was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore,* 2109 WL 1284815 at *2. The third inquiry is satisfied "when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

The writ of mandamus "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. . . . Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (internal citation and quotation marks omitted). A mandamus petition is granted "only where the petitioner's right to relief is clear and indisputable," and not "used simply to correct error." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal citation and quotation marks omitted).

The Second Circuit exercises mandamus review of discovery orders relating to claims of privilege where: "(i) an issue of importance and of first impression is raised; (ii) the privilege will be lost in the particular case if review must await a final judgment; and (iii) immediate resolution will avoid the development of discovery practices or doctrine undermining the privilege." *Chase Manhattan Bank, N.A., v. Turner & Newall, PLC*, 964 F.2d 159, 163 (2d Cir. 1992). The Second Circuit has "rarely used the extraordinary writ of mandamus to overturn a discovery order involving a claim of privilege." *Id.*

**Discussion**

Appellant argues that the production of his asylum application to the Appellee and his counsel violates 8 C.F.R. § 208.6, which generally prohibits the disclosure of asylum applications to third parties. Appellee argues that § 208.6 has no applicability in this situation nor bearing on the propriety of the Bankruptcy Court's order. Although Appellant's appeal presents an issue that involves a pure question of law, thus satisfying the first inquiry under §1292(b), he has neither demonstrated that this issue is one in which there is substantial ground for difference of opinion, nor that an interlocutory appeal from the Bankruptcy Court's order would materially advance the ultimate termination of the litigation. Finally, Appellant has not demonstrated that he is entitled to the extraordinary remedy of a writ of mandamus.

Section 208.6(a) of title 8 of the Code of Federal Regulations provides that: "[i]nformation contained in or pertaining to any application for . . . asylum . . . shall not be disclosed without written consent of the applicant, except as permitted by this section or at the discretion of the Secretary [of Homeland Security]." This regulation essentially prohibits the United States government from disclosing the content and perhaps even the existence of an asylum application without the applicant's consent. It does not, as Appellant contends, prohibit anyone other than the United States and its agencies, such as the Executive Officer of Immigration Review ("EOIR") and the Department of Justice ("DOJ"), from disclosing asylum applications and related information. *See Lin v. U.S. Dept. of Justice*, 459 F.3d 255, 258 n.1 (2d Cir. 2006) ("Chapter I of title 8 of the Code of Federal Regulations applies to the [Immigration and Naturalization Service] and [Department of Homeland Security], and Chapter V applies to the EOIR and DOJ."); *Egiazaryan v. Zalmayev*, No. 11-cv-2670 (PKC) (GWG), 2012 WL 137574, at *2 (S.D.N.Y. Jan. 12, 2012) ("By regulation, the United States and its agencies and departments may not disclose an asylum application or its contents to third persons") (citing *Lin*, 459 F.3d at 262–65); *Rodriguez v.*

*Robbins*, No. 07-3239 (TJH) (RNBx) 2012 WL 12953870, at *2 (C.D. Cal. May 3, 2012) ("[S]tatutory provisions, generally forbidding disclosure of information, do not bar judicial discovery absent an explicit prohibition against such disclosure. . . ." and asylum provisions such as 8 C.F.R. § 208.6 do "not contain such an express limitation"); *Al Otro Lado, Inc. v. Mayorkas*, No. 3:17-cv-2366 (BAS) (KSC), 2021 WL 1312531, at *4 (S.D. Cal. Apr. 8, 2021) ("[T]he plain text of [8 C.F.R. § 208.6] does not constrain the treatment of asylum information by private actors.").

Moreover, the regulation specifically carves out disclosure in or related to judicial proceedings. Section 208.6(c) provides that "[t]his section shall not apply to any disclosure to . . . [a]ny Federal, State, or local court in the United States considering any legal action . . . *[a]rising from the proceedings of which the asylum application . . . is a part*." 8 C.F.R. § 208.6(c)(2)(ii) (emphasis added). "Congress intended subsection (ii) to encompass any legal action arising from proceedings in which the asylum application merely constitutes some 'part,' regardless of how active or meaningful the role it played. . . . Some[one], or entity, need not actually litigate the merits of the application before a tribunal for it to be 'part' of a 'proceeding.'" *Rodriguez*, 2012 WL 12953870, at *3. Here, Appellant placed his asylum application directly at issue in the malpractice action when he alleged that his counsel at Clark Hill breached their duties and obligations by allowing the asylum application to be publicly disseminated to his detriment. Those allegations, and any damages allegedly flowing therefrom, necessarily require an evaluation of the contents of the asylum application. It is therefore unremarkable that the asylum application is attached as an exhibit to Clark Hill's motion for summary judgment.

For each of these reasons, the Court concludes that there is no substantial ground for difference of opinion as to whether 8 C.F.R. § 208.6 precludes production of Appellant's asylum application.[2] It does not.

Nor can Appellant show that he can meet the very high burden that the Second Circuit requires for writs of mandamus for discovery orders relating to claims of privilege. *See Chase Manhattan Bank, N.A.*, 964 F.2d at 163–64 (writ of mandamus warranted where the documents "may be clearly privileged," the protection afforded by the privilege is limited to "the inadmissibility of confidential communications at trial," and "the attorney-client privilege will have been undermined" while waiting for a final judgment). First, Appellant does not actually advance any argument that § 208.6 creates a privilege nor would any such argument, for the reasons discussed above, have merit. His reliance on *Chase Manhattan Bank, N.A.* is therefore misplaced as the case is inapposite. Appellant has likewise not shown any compelling reason to warrant a writ of mandamus insofar as he fails to demonstrate that the Bankruptcy Court committed any legal error or that it clearly abused its discretion. Appellant's concern regarding the sensitive nature of the asylum application is mitigated by the Bankruptcy Court's order limiting disclosure to the trustee and his counsel. Thus, this Court cannot find that the Bankruptcy Court has engaged in the "[un]lawful exercise of its prescribed jurisdiction" or "failed to exercise its authority when it [was] its duty to do so." *Hong Mai Sa*, 406 F.3d at 159 (quoting *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987).[3]

---

[2] It is also clear to the Court that an interlocutory appeal from the protective order does not materially advance the ultimate termination of the litigation. In fact, it may serve to delay both the bankruptcy proceedings in the District of Connecticut and the malpractice action in the District of Columbia by hindering the trustee's ability to fully perform his obligations in consultation with his counsel.

[3] The Court further observes that Appellant may not "place a matter in issue and then successfully thwart discovery because it is unduly intrusive, sensitive, or privileged from disclosure." *Egiazaryan*, 2012 WL 137574, at *2. There is no claim that the malpractice action is not an asset of the bankruptcy estate. Appellee, as trustee of that estate, cannot assess the viability of the malpractice action as an asset to be pursued or abandoned without access to the asylum application and Clark Hill's motion for summary judgment.

**Conclusion**

For the reasons set forth above, Appellant's motion for leave to appeal (ECF No. 8) is DENIED. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of January 2023.

 _/s/ Kari A. Dooley_____
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE